# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL AGUILAR, | ) | 1:13-cv-00066 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM UPON |
| v. | ) | WHICH RELIEF COULD BE GRANTED |
| | ) | |
| KERN COUNTY SUPERIOR COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

    **A.    Summary of Complaint**

Plaintiff, an inmate currently housed at Atascadero State Hospital, brings this civil rights action against Kern County Superior Court and the Kern County Sheriff's Department. Plaintiff's statement of claim, in its entirety, follows:

> On October 30, 2010, Petitioner was falsely accused of committing a shooting by the Kern County Sheriff's Department, which led and amount to Petitioner's present incarceration. According to legal documents of Petitioner's circumstances of the present offense report there was no actual proof that Petitioner committed shooting the victim and that the deputies in the case intentionally accused Petitioner of using a firearm, and as a result, Petitioner has been falsely imprisoned and unlawfully detained in custody which is unconstitutional.

Here, Plaintiff's allegations relate solely to his underlying conviction. Should Plaintiff prevail on his claim, he would be entitled to release. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss

1 the claim without prejudice for failure to exhaust, rather than converting it to a habeas and
2 addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v.
3 City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).   This action should therefore be dismissed
4 without prejudice to the filing of a petition for writ of habeas corpus.

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claim arises from his allegedly unlawful conviction.  Plaintiff's central claim goes to the legality of his incarceration and should therefore be brought as a petition for writ of habeas corpus.  Because the Court finds that this deficiency is not capable of being cured by amendment, this action should be dismissed. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice to the filing of a petition for writ of habeas corpus.   The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 23, 2013**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE